974 So.2d 63 (2007)
The ESTATE OF Gregory ALIX, Sr. and Raynell Johnson, Individually and o/b/o her Minor Child Ashley Erin Johnson
v.
Robert WELLS, Big Lots Stores, Inc. and ABC Insurance Company
Miosha Walker, Individually and/or in her Capacity as Natural Tutrix of her Minor Daughter, Mijae Amari Walker
v.
Penske Logistics LLC.
Augusta Holloway, Individually and in her Capacity as Natural Tutrix of her Minor Son, Jordan Alix
v.
Penske Logistics, LLC, Robert Lee Wells, Jr., Jonathan Hampton and Bui Nguyen
Bui Thi Nguyen, Individually and in her Capacity as Natural Tutrix of her Minor. Daughter, Nga Vu
v.
Penske Logistics, L.L.C., Robert Lee Wells, Jr., Jonathan Hampton, ABC Insurance Company, Gregory Mix, and XYZ Insurance Company
Jonathan D. Hampton, Individually and on Behalf of his Minor Children, Jonathan Hampton, Jr. and Joshua Hampton
v.
Robert Lee Wells, Jr., Penske Logistics, L.L.C., The Estate of Gregory Clinton Alix, Sr., and State Farm Mutual Automobile Insurance Company
Dionne Davis, Individually and on Behalf of her Minor Son, Gregory Alix, Jr.
v.
Robert Wells, Big Lots Stores, Inc., ABC Insurance Co., The State of Louisiana, Department of Transportation and Development, Penske Logistics, LLC and XYZ Insurance Company.
Nos. 2007-CA-0503 to 2007-CA-0508.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 2007.
Rehearing Denied January 23, 2008.
*64 Gregory P. DiLeo, Jennifer B. Eagan, New Orleans, LA, for Plaintiffs/Appellees, Jonathan D. Hampton, et al.
W. Paul Andersson, Margaret F. Swetman, Leake & Andersson, L.L.P., New Orleans, LA, for Defendant/Appellee, Jonathan Hampton.
David J. Schexnaydre, Edward Lassus, Jr., Mary B. Lord, Pajares & Schexnaydre, L.L.C., Covington, LA, for Defendants/Appellants, Robert Lee Wells, Jr. and Penske Logistics, L.L.C.
Gregory G. D'Angelo, Wm. David Coffey, Panzeca & D'Angelo, L.L.C., Metairie, for Defendant/Appellant, State of Louisiana, Through The Department of Transportation and Development.
(Court composed of Judge DENNIS R. BAGNERIS SR., Judge TERRI F. LOVE, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
On May 31, 2004, Robert Wells, Jr. was driving an 18-wheeler owned by Penske Logistics, LLC when he encountered three stopped vehicles on westbound 1-40 in New Orleans, Louisiana. Wells collided with the vehicles sending the first vehicle and its driver, Gregory Alix over the guard rail into the Industrial Canal where he drowned. Jonathan Hampton was the operator of the second stopped vehicle.[1]
This suit is the consolidation of six actions arising out of that May 31, 2004, multi-car accident. On February 16, 2007, the trial court held hearings on two motions for summary judgment filed on behalf of Mr. Hampton regarding the issue of liability. The trial court granted both motions and Mr. Hampton was dismissed as a defendant and additionally deemed to have no fault as a plaintiff. Defendants, the DOTD, Robert Wells, Jr. and Penske Logistics, LLC appealed that ruling.
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. "Favored in Louisiana, the summary judgment procedure `is designed to secure the just, speedy, and inexpensive determination of every action' and shall be construed to accomplish these ends." King v. Parish National Bank, 04-0337 (La.10/19/04), 885 So.2d 540, 545 (citing La. C.C.P. art. 966(A)(2) ).
Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B); Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002, 1006. The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. La. C.C.P. art. 966(C)(2); Hutchinson v. Knights of Columbus, Council No. 574, 03-1533 (La.2/02/04), 866 So.2d 228, 233.
*65 When a motion for summary judgment is properly supported, the non-moving party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. C.C.P. art. 967.
Due to injuries sustained in the accident, Mr. Hampton has no independent recollection of the events surrounding the accident. However, he contends that there has been no evidence to dispute that he was stopped safely behind vehicle number one prior to being rear ended. To support his contention he presented deposition testimony that supported his vehicle was the second stopped vehicle and his emergency flashers were activated.[2] Thus Mr. Hampton avers that he took the required evasive action that proved to be effective and he is in no way liable for the accident that ensued. In sum, there is no genuine issue of material fact regarding fault on the part of Mr. Hampton. The trial court agreed.
Mr. Wells and Penske countered Mr. Hampton's motion for summary judgment with an affidavit from Mr. Wayne Winkler, an accident reconstruction expert. The affidavit stated that prior to any contact by the 18-wheeler driven by Mr. Wells there was an impact between Mr. Hampton's vehicle and the first stopped vehicle operated by Mr. Alix. Mr. Wells and Penske claim that because of that initial impact Mr. Hampton was at the very least partially responsible for the three vehicles being stopped. As such, it was improper for the trial court to grant his two motions for partial summary judgment.
In determining whether an issue is genuine for purposes of a summary judgment, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Coto v. J. Ray McDermott, 99-1866 (La.App. 4 Cir. 10/31/00), 772 So.2d 828; Oakley v. Thebault, 684 So.2d 488, 490 (La.App. 4 Cir. 1996); Helwick v. Montgomery Ventures Ltd., 95-0765 (La.App. 4 Cir. 12/14/95), 665 So.2d 1303, 1306. On its face the affidavit presented in opposition to the two partial motions for summary judgment raises a genuine issue of material fact sufficient to defeat the motions. Therefore, we are compelled to reverse the trial court's ruling.
Because this finding is dispositive of the issue on appeal we do not find it necessary to address additional arguments made by the appellants. Accordingly, the judgment of the trial court is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Based on the record these facts are undisputed.
[2] Ms. Leonora Byrd provided testimony that she witnessed the three vehicles stopped and the second and third vehicles displayed emergency flashers. Also, Ms. Juanita Delvisco testified that she encountered the vehicles and was able to avoid any contact, which was consistent with Ms. Nguyen's affidavit statement that she had time to stop behind the Hampton vehicle prior to being struck by the 18-wheeler.