PER CURIAM.*
Lin this case, we are called upon to decide whether the owner of an apartment complex is entitled to summary judgment, on the ground it has no duty to protect residents from injury resulting from persons riding bicycles on the sidewalks of the complex. For the reasons that follow, we conclude the owner has no duty to plaintiffs under the facts of this case, and therefore grant summary judgment in its favor.
FACTS AND PROCEDURAL HISTORY
In 2008, Tanya Lato Ponceti, and her seven-year-old daughter, Kaitlyn, lived in The Woodlands, an apartment complex in Mandeville, Louisiana owned by First *1252 Lake Properties, Inc. (“First Lake”). While Kaitlyn was riding her self-propelled scooter in the courtyard of the apartment complex, an unidentified teenager on a bicycle “popped a wheelie,” and ultimately lost control of his bicycle. The bicycle then landed on Kaitlyn’s leg, causing her injury.
As a result, Ms. Ponceti, individually and on behalf of Kaitlyn, filed the instant suit against First Lake. Plaintiff alleged First Lake was negligent in-allowing persons to ride bicycles on the sidewalks of the apartment complex, in violation of a Mandeville City Ordinance.
1 ¡After discovery, First Lake filed a motion for summary judgment. First Lake contended a landlord is not duty-bound to protect against third-party actions causing injury to someone on its premises.
Plaintiff opposed the motion, arguing First Lake’s manager admitted she was aware bicycles were being ridden on the sidewalk of the complex, but did nothing to stop this practice.
After a hearing, the district court dénied First Lake’s motion for summary judgment. First Lake applied for supervisory writs from this judgment, which the court of appeal denied in a split decision. Upon First Lake’s application, we remanded the case to the court of appeal for briefing, argument, and opinion. Ponceti v. First Lake Prop., Inc., 11-0603 (La.4/29/11), 62 So.3d 101. On remand, the court of appeal affirmed the judgment of the district court, with one judge concurring and one judge dissenting.
Upon First Lake’s application, we granted writs to review the correctness of that decision. Ponceti v. First Lake Properties, Inc., 11-2711 (La.2/17/12), 82 So.3d 272.
DISCUSSION
A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Meany v. Meany, 94-0251, p. 6 (La.7/5/94), 639 So.2d 229, 233. Whether a duty is owed is a question of law. Peterson v. Gibraltar Savings and Loan, 98-1601, 98-1609, p. 7 (La.5/18/99), 733 So.2d 1198, 1204; Mundy v. Department of Health and Human Resources, 620 So.2d 811, 813 (La.1993); Faucheaux v. Terrebonne Consolidated Government, 615 So.2d 289, 292 (La.1993).
[sIn Posecai v. Wal-Mart Stores, Inc., 99-1222 (La.11/30/99), 752 So.2d 762, we adopted a balancing test to determine whether a business owed a duty to protect its customers from the acts of a third party:
With the foregoing considerations in mind, we adopt the following balancing test to be used in deciding whether a business owes a duty of care to protect its customers from the criminal acts of third parties. The foreseeability of the crime risk on the defendant’s property and the gravity of the risk determine the existence and the extent of the defendant’s duty. The greater the foreseeability and gravity of the harm, the greater the duty of care that will be imposed on the business. A very high degree of foreseeability is required to give rise to a duty to post security guards, but a lower degree of foreseeability may support a duty to implement lesser security measures such as using surveillance cameras, installing improved lighting or fencing, or trimming shrubbery. The plaintiff has the burden of establishing the duty the defendant owed under the circumstances.
The foreseeability and gravity of the harm are to be determined by the facts and circumstances of the case. The most important factor to be con *1253 sidered is the existence, frequency and similarity of prior incidents of crime on the premises, but the location, nature and condition of the property should also be taken into account. It is highly unlikely that a crime risk will be sufficiently foreseeable for the imposition of a duty to provide security guards if there have not been previous instances of crime on the business’ premises, [emphasis added]
In the instant case, plaintiff relies on testimony from First Lake’s apartment manager, indicating that she was aware that teenagers sometimes rode bicycles in the courtyard. Plaintiff argues this testimony establishes it was foreseeable that the teenagers might ride in a reckless matter. However, First Lake points out it received no complaints about individuals riding bicycles in the courtyard, nor were any prior injuries reported as a result of bicycles in the courtyard area. Further, plaintiff admitted that she had never seen anyone riding bicycles in the courtyard area before her daughter’s injury, and she had never reported any concerns to management about Individuals riding bicycles on the sidewalks. Under these circumstances, we find plaintiff failed to establish the existence of any similar incidents involving injuries resulting from individuals riding bicycles on the sidewalks of the apartment complex.
Plaintiff also asserts bicycle riding on the sidewalks of the complex violated a Mandeville City Ordinance, which provides, in part, that bicycles “shall not be ridden on sidewalks or in public streets.” Plaintiff contends First Lake’s manager admitted she did nothing to dissuade residents or their guests from violating this Mandeville City Ordinance.
Initially, we note plaintiff produced no evidence this city ordinance applies to sidewalks located within a private development. Even assuming for sake of argument the ordinance applies under these facts, we see nothing in the ordinance which would create a legal duty on property owners to prevent individuals from riding bicycles on sidewalks, especially given the absence of any prior instances of injuries. Cf. Adams v. Traina, 36,306 (La.App. 2 Cir. 10/25/02), 830 So.2d 526 (holding a property owner liable for a shooting on the premises when there were twenty-five police reports of crime involving gun-play in the parking lot in the preceding two years).
In summary, we conclude First Lake does not owe a legal duty to plaintiff under the facts of this case. The district court erred in denying First Lake’s motion for summary judgment.
DECREE
For the reasons assigned, the judgment of the district court is reversed. Summary judgment of First Lake Properties, Inc. d/b/a The Woodlands and John Doe is granted, dismissing plaintiffs suit with prejudice.

 Guidry, J., recused.