LOLLEY, J.
h Alvin Bonds and Betty Bonds appeal a summary judgment by the Fifth Judicial District Court, Parish of Richland, State of Louisiana, in favor of defendant, SAPA Extrusions, L.L.C. Gallagher Bassett Services, Inc. and National Union Fire Insurance Company intervene to recover medical expenses and disability payments made to Alvin Bonds. For the following reasons, we reverse the trial court’s judgment.
Facts
On April 19, 2010, Alvin Bonds (“Bonds”), an independent truck driver, arrived at the facility owned by defendant, SAPA Extrusions, L.L.C. (“SAPA”), in order to pick up a load of aluminum stadium seating on his flatbed trailer. After the aluminum was loaded on the flatbed by SAPA employees, Bonds climbed on top of the load to strap it down and install a tarp cover, which was the mandatory procedure at the SAPA facility. While Bonds was on top of the load installing the straps and *801 tarp, he took a misstep and fell to the ground, seriously injuring himself.
SAPA required that the aluminum product be strapped down and covered in its facility. Further, SAPA required proper fall protection to be installed when drivers were in the process of loading their flatbeds. Apparently, the policy was explicitly provided and stated as follows:
THE SAFETY NETS MUST BE PROPERLY IN PLACE AND CATWALK POSITIONED AT THE FRONT OF THE TRAILER BEFORE THE DRIVER CAN GET ON TOP OF THE LOAD.
This fall protection consisted of netting which ran along the sides of the flatbed and a rolling catwalk which would be placed at and cover the open end of the flatbed. SAPA took responsibility for putting the netting and |;>catwalk in place prior to the load being strapped and tarped. SAPA concedes that at the time of the incident, the flatbed had been netted, but the catwalk had not been put in place.
Bonds and his wife, Betty, filed suit against SAPA, claiming that his fall was caused by the acts and/or omissions of SAPA, including the following: failing to provide a safe place to work; negligently bundling and loading the bleacher material, creating an unsafe condition; failing to provide fall protection for the front and rear of his trailer; and, failing to provide any assistance, safety area, and/or guidelines in securing tarps to the load. As a result of his injuries, Bonds claimed he incurred over $50,000.00 in medical bills, and his relationship with his wife of 45 years, Betty, had been impacted. Gallagher Bassett Services, Inc. (“Gallagher”) and National Union Fire Insurance Company (“National”) intervened to recover $33,895.00 in medical expenses and $49,642.00 in disability payments made to Bonds. SAPA subsequently filed a motion for summary judgment claiming it owed no duty to Bonds, and his claims against it should be dismissed as a matter of law. After a hearing on the matter, the trial court granted SAPA’s motion, and this appeal by the Bondses ensued.
Discussion
The Bondses bring one assignment of error on appeal and argue that the trial court erred in granting SAPA’s motion for summary judgment. The Bondses’ argument centers on SAPA’s duty, and they maintain that under the particular facts and circumstances of this case, SAPA owed Bonds a duty of care as a matter of law, and this duty was breached by SAPA. We agree.
| (¡Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment, is appropriate. Argonaut Great Cent. Ins. Co. v. Hammett, 44,308 (La.App.2d Cir.06/03/09), 13 So.3d 1209, writ denied, 2009-1491 (La.10/2/09), 18 So.3d 122. Summary judgments are favored under Louisiana law; however, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and doubt must be resolved in the opponent’s favor. La. C.C.P. 966(A)(2); Id.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and that the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A genuine issue of material fact is one as to which reasonable persons could disagree. Argonaut Great Cent. Ins. Co., swpra.
*802 Louisiana courts have adopted a duty-risk analysis in determining whether liability for negligence exists under the facts of a particular case. Pinsonneault v. Merchants & Farmers Bank & Trust Co., 2001-2217 (La.04/03/02), 816 So.2d 270. Under this analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to an appropriate standard of care; (3) the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries; (4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries, and, (5) actual damages. La. C.C. art. 2315; Id. at 275-76; Lowery v. Wal-Mart Stores, Inc., 42,465 (La.App.2d Cir.09/19/07), 965 So.2d 980.
|4Was There a Duty?
Whether a duty is owed is a question of law. Ponceti v. First Lake Properties, Inc., 2011-2711 (La.07/02/12), 93 So.3d 1251. In deciding whether to impose a duty in a given case, the court must make a policy decision in light of the unique facts and circumstances presented. Carrier v. City of Amite, 2010-0007 (La.10/19/10), 50 So.3d 1247, 1249; Carpenter v. Foremost Signature Ins. Co., 47,008 (La.App.2d Cir.02/29/12), 87 So.3d 264. In Meany v. Meany, 94-0251 (La.07/05/94), 639 So.2d 229, 233, the Louisiana Supreme Court determined that certain policy considerations are to be taken into account in analyzing whether a duty is owed, stating:
In determining whether to impose a duty in a particular situation, the court may consider various moral, social, and economic factors, including whether the imposition of a duty would result in an unmanageable flow of litigation; the ease of association between the plaintiffs harm and the defendant’s conduct; the economic impact on society as well as the economic impact on similarly situated parties; the nature of the defendant’s activity; moral considerations, particularly victim fault; and precedent as well as the direction in which society and its institutions are evolving.
Further, Professor Crawford has noted that the notion of duty used by Louisiana courts is identical to the duty articulated in Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99 (N.Y.1928), where duty is viewed “as necessarily contemplating the person or interest to whom the alleged duty was owed. If the injured party were unforeseeable to the defendant, then no duty of care existed because as a matter of definition one owes no duty to that which is unforeseen.” William Crawford, Louisiana Civil Law Treatise, Tort Law, § 4:2, p. 91 (2009).
|fiHere, the trial court determined that SAPA did not owe a duty to Alvin Bonds; however, such a conclusion was error as a matter of law due to the foreseeability of harm to Bonds. In observing the ease of association between Bonds’ foreseeable harm and SAPA’s conduct, a duty by SAPA clearly existed. The record shows that SAPA did not merely assume a duty by its actions, it obviously recognized its duty in this situation and responded by providing safety measures. According to the deposition testimony of Vernon Jackson, Sr., a SAPA representative, fall protection was an issue in the industry, “And so we had to come up with something.” Apparently, the previous system was not as good, and the company “felt we needed to make that improvement.” Ultimately, according to Jackson, the safety procedure that SAPA had in place when Bonds was injured, the catwalk and safety nets, became “the benchmark.” He elaborated that anyone working on a load, be it SAPA’s employee or a third party like *803 Bonds, would not be allowed on the flatbed without fall protection being engaged-that person would be stopped immediately, because SAPA deemed such action to be unsafe. As stated by another SAPA representative, Bryan Ray Tyree, many truck drivers did not like SAPA’s safety policies, but SAPA controlled the situation and would not let those drivers take loads from their facility. Tyree stated, “Either abide by the [safety] policies or you’re not taking the load” from the SAPA site.
When we consider the harm suffered by Bonds in relation to SAPA’s conduct, there is clearly an ease of association that a duty existed by the defendant on behalf of this particular plaintiff. This duty is even more evident when considering the degree of control exerted by SAPA over |r,Bonds and other truck drivers. Here, the trial court erred in determining that SAPA, as a matter of law, had no duty to Alvin Bonds when he was injured at its facility.

Was the Duty Breached?

In this ease, the trial court’s judgment stopped with its conclusion that there was no duty by SAPA to Bonds, and the issue of breach was not addressed. However, along with the issue of its duty, SAPA’s motion for summary judgment included the issue of breach of duty. Regardless of the trial court’s judgment, we would be remiss in failing to consider whether SAPA’s duty to Bonds was breached or not.
Whether the defendant breached its duty is a question of fact. Mixon v. Davis, 31,725 (La.App.2d Cir.03/31/99), 732 So.2d 628. A fact is material when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are material if they potentially ensure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Duckett v. Grambling State Univ., 47,082 (La.App.2d Cir.04/18/12), 92 So.3d 478, writ denied, 2012-1130 (La.09/14/12), 99 So.3d 32.
Although the summary judgment procedure is favored and must be construed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law, factual inferences reasonably drawn from the evidence nevertheless must be construed in favor of the party opposing the motion, and all doubt must be resolved in favor of the opponent to summary judgment. Ricks v. City of Monroe, 44,811 (La. App.2d Cir.12/09/09), 26 So.3d 858, 'writ denied, 2010-0391 (La.05/28/10), 36 So.3d _L¡247.
Having concluded that SAPA did indeed have a duty to Bonds, we further determine that there is a disputed issue of material fact on the question of whether the duty was breached, which is sufficient to defeat summary judgment. As the deposition testimony of SAPA representatives makes clear, SAPA voluntarily undertook the task of requiring mandatory safety precautions for its employees and truck drivers such as Bonds. The record is abundantly clear that SAPA required the use of netting on the sides of trailers and a catwalk at the end. Furthermore, the parties agree that the catwalk was not in place when Bonds was strapping down this particular cargo. The record is not entirely clear where exactly Bonds fell off the truck; however, he testified that after taking a misstep in one of the gaps in the cargo, he fell from the top of the load and hit the ground. Clearly, had the fall protection been properly in place, be that the netting and/or the catwalk, he should not have hit the ground. Thus, whether SAPA’s mandatory fall protection was properly in place is a material fact in dispute.
*804 Furthermore, SAPA requires all drivers be informed of its safety requirements and sign off on its safety policy, a copy of which is in the record. Bonds maintains that he was not informed of the procedure and did not sign any such document. The written policy contains a signature line at the bottom for the driver’s signature. Additionally, Krissy Cardin, a SAPA employee, testified in her deposition that truck drivers first come to the office for an explanation of its loading requirements and signing of the written policy. However, considering that, SAPA has not produced a copy of the policy indicating that Bonds did indeed sign it.
| ¿There is no question that Bonds was injured when he fell from the top of the load to the ground. However, there are questions regarding the use of SAPA’s mandatory safety protection and information provided to Bonds on its use-material facts clearly in dispute as to the breach of SAPA’s duty to Bonds in the instant suit. Therefore, we find that summary judgment is not appropriate upon the showing made.
Conclusion
So considering, the trial court’s judgment in favor of SAPA Extrusions, L.L.C., dismissing the claims of Alvin and Betty Bonds is reversed. All costs of this appeal are assessed to SAPA.
REVERSED.