SABRINA ROBERTSON AND       \*         NO. 2020-CA-0605
WALTER ROBERTSON

                              \*

VERSUS                         COURT OF APPEAL

                              \*

THE KEARNEY COMPANIES,         FOURTH CIRCUIT
INC.                               \*

                                  STATE OF LOUISIANA

                    \* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-07547, DIVISION "B-1"
Honorable Rachael Johnson,
\* \* \* \* \* \*
**Judge Terri F. Love**
\* \* \* \* \* \*

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Rosemary Ledet)

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**
**LEDET, J., CONCURS IN THE RESULT**

Danatus N. King
DANATUS KING & ASSOCIATES
2475 Canal Street, Suite 308
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFFS/APPELLANTS, SABRINA AND
      WALTER ROBERTSON

Richard E. King
Renee S. Melchiode
MELCHIODE MARKS KING, LLC
639 Loyola Avenue, Suite 2550
New Orleans, LA 70113

      COUNSEL FOR DEFENDANT/APPELLEE, THE KEARNEY
      COMPANIES, INC.

                                              **AFFIRMED**

                            **MARCH 25, 2021**

*TFL*

This appeal arises from injuries sustained by plaintiff during an alleged fall on defendant's property. Plaintiff visited her husband at his industrial worksite to deliver his lunch and allegedly fell while on the premises. Defendant filed a motion for summary judgment contending that there was no duty owed to plaintiff because the hole she allegedly fell in was open and obvious.

The trial court found that defendant did not owe a duty to plaintiff-wife, granted the motion for summary judgment, and dismissed the claims with prejudice.

We find that the trial court correctly denied plaintiffs' motion to strike affidavit, as it was based on personal knowledge. The trial court also did not err by granting defendant's motion for summary judgment, as the defendant did not owe a duty to protect plaintiff from an open and obvious hole. The trial court judgment is affirmed.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

Walter Robertson worked for The Kearney Companies, Inc. at Berth 1, which contained forty dock doors, one hundred container parking spots, and an open yard for storage and cargo handling.[1] On or about August 1, 2017, Sabrina

Robertson visited her husband, Mr. Robertson, at his worksite to deliver his lunch. After Mrs. Robertson handed Mr. Robertson his lunch, she turned and walked back to her vehicle. While she was walking, she allegedly fell into a hole and sustained injuries. After falling, Mrs. Robertson's daughter, Sintrell Lewis, Mr. Robertson, and another unidentified employee helped her to her feet. Mrs. Robertson drove home and visited a doctor sometime thereafter. Mr. Robertson informed Kearney that his wife fell a few days after the incident.

The Robertsons filed a Petition against Kearney seeking damages resulting from her fall. Kearney filed a Motion for Summary Judgment contending there was no duty owed to Mrs. Robertson as an "unauthorized entrant" and that the hole was open and obvious. The Robertsons opposed the Motion for Summary Judgment and filed a Motion to Strike Affidavit and Remove Counsel. The Robertsons averred that the affidavit of Ron Evans, Kearney's corporate representative, should be stricken for containing allegedly perjured testimony about the hole in which Mrs. Robertson fell. Specifically, the Robertsons asserted that the information in the affidavit differed from that obtained during Mr. Evans' deposition and was not based on personal knowledge. The Robertsons also sought to remove counsel for Kearney because "[t]he only information defendant's corporate representative has regarding the hole is information obtained from defendant's legal counsel." Therefore, the Robertsons maintained that "in order to verify that information defendant's legal counsel must be questioned under oath."

During the hearing, the trial court overruled the Motion to Strike the Affidavit. The trial court then stated that the Motion to Remove Counsel was not properly before it. Following argument by counsel, the trial court held that

---

[1] Kearney is headquartered in New Orleans, Louisiana and leases 66,000 square feet of property from the Port of New Orleans to provide commodity warehousing and distribution, import services, and supply chain logistics.

Kearney did not owe a duty to Mrs. Robertson, granted Kearney's Motion for Summary Judgment, and dismissed the Robertsons' claims with prejudice. The Robertsons' Motion for Devolutive appeal followed.

On appeal, the Robertsons assert that the trial court erred by 1) overruling the Motion to Strike Affidavit, 2) denying the Motion to Remove Counsel,[2] and 3) granting Kearney's Motion for Summary Judgment.

## *STANDARD OF REVIEW*

"Appellate courts apply a *de novo* standard of review when considering trial court judgments on motions for summary judgment, using the same criteria applied by trial courts to determine whether summary judgment is appropriate." *Transworld Drilling Co. v. Texas Gen. Res., Inc.*, 604 So. 2d 586, 589 (La. App. 4th Cir. 6/22/92). "An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 26 (La. 7/5/94), 639 So. 2d 730, 750.

## *MOTION FOR SUMMARY JUDGMENT*

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La. C.C.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id*. "The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La. C.C.P. art. 966(A)(4).

---

[2] The Motion to Remove Counsel is not properly before this Court, as the trial court did not rule upon the motion. The trial court stated, "[t]he Motion to Remove Ms. Melchiode or Mr. King for that matter is not before me."

3

The mover bears the burden of proof. La. C.C.P. art. 966(D)(1). However, "if the mover will not bear the burden of proof at trial on the issue . . . the mover's burden . . . does not require him to negate all essential elements of the adverse party's claim, action, or defense." *Id.* Rather, the mover is required "to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* Then "[t]he burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.* "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

"A 'genuine issue' is a 'triable issue.'" *Smith*, 93-2512, p. 27, 639 So. 2d at 751 (quoting *Toups v. Hawkins*, 518 So. 2d 1077, 1079 (La. App. 5th Cir. 1987)). "In determining whether an issue is genuine for purposes of a summary judgment, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Estate of Alix v. Wells*, 07-0503, p. 3 (La. App. 4 Cir. 12/12/07), 974 So. 2d 63, 65. Further, "[a] fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Windham v. Murray*, 06-1275, p. 3 (La. App. 4 Cir. 5/30/07), 960 So. 2d 328, 331. "'[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute.'" *Smith*, 93-2512, p. 27, 639 So. 2d at 751 (quoting *South Louisiana Bank v. Williams*, 591 So. 2d 375, 377 (La. App. 3rd Cir. 12/4/91)). "Simply put, a 'material' fact is one that would matter on the trial on the merits." *Smith*, 93-2512,

p. 27, 639 So. 2d at 751. "Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits." *Id*.

***MOTION TO STRIKE AFFIDAVIT***

The Robertsons contend that the trial court erred by denying the Motion to Strike Mr. Evans' affidavit based on allegations that Mr. Evans did not obtain some of the information personally and alleged contradictions within his affidavit and his deposition.

"When an objection to an affidavit in support of or in opposition to a motion for summary judgment is made in accordance with La. C.C.P. art. 966(D)(2), the only issue to be determined is whether that affidavit is in compliance with La. C.C.P. art. 967." *Mariakis v. N. Oaks Health Sys.*, 18-0165, p. 9 (La. App. 1 Cir. 9/21/18), 258 So. 3d 88, 95. La. C.C.P. art. 967(A) provides, in pertinent part, that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

"The abuse of discretion standard applies to the trial court's ruling on an objection to a document filed in support of or in opposition to a motion for summary judgment that is raised by a party in a timely filed opposition or reply memorandum." *Pottinger v. Price*, 19-0183, p. 5 (La. App. 1 Cir. 10/23/19), 289 So. 3d 1047, 1053.

When ruling, the trial court stated:

> Let me do this, this affidavit – I know you're objecting to the affidavit because of your motion -- because you're saying it conflicts, Mr. Danatus King, you're objecting because you're saying it conflicts with his deposition testimony. I think the affidavit is appropriately attached as summary judgment -- I don't

5

want to say evidence -- evidence, and if you want to attack that in a different, you know, at trial, you can impeach him, but it's appropriately attached as summary judgment support, so I'm going to overrule the objection.

Mr. Evans' affidavit contains his knowledge based upon his tenure with Kearney and his inspection of the hole with the Robertsons. As such, his affidavit meets the "personal knowledge" requirements of La. C.C.P. art. 967(A). Further, our role, as that of the trial court's, "is not to evaluate the weight of the evidence or to determine the truth of the matter." *Hines v. Garrett*, 04-0806, p. 1 (La. 6/25/04), 876 So. 2d 764, 765. Accordingly, we do not find that the trial abused its discretion by denying the Robertsons' Motion to Strike Mr. Evans' affidavit.

### *MERITS*

The Robertsons assert that summary judgment was inappropriately granted by the trial court because the hole Mrs. Robertson allegedly fell in was not specifically identified and the dimensions were not measured. Our analysis must begin with the substantive law governing the Robertsons' claims.

"Louisiana courts employ a duty-risk analysis under which a plaintiff must prove the following five elements: 1) the defendant's duty of care to the plaintiff; 2) the defendant's breach of that duty; 3) cause-in-fact; 4) legal causation (scope); and 5) damages to the plaintiff caused by that breach." *Jones v. Stewart*, 16-0329, pp. 8-9 (La. App. 4 Cir. 10/5/16), 203 So. 3d 384, 389-90. This Court outlined the law regarding the main tenet of the analysis as follows:

> The Louisiana Supreme Court has held that the threshold issue in all negligence actions is whether the defendant owed the plaintiff a duty. *Ponceti v. First Lake Properties, Inc.*, 11–2711, p. 2 (La. 7/2/12), 93 So.3d 1251, 1252 (citing *Meany v. Meany*, 94–0251, p. 6 (La. 7/5/94), 639 So.2d 229, 233). Whether the defendant owed the plaintiff a duty is a legal question for the court to decide. *Ponceti*, *supra* (collecting cases). The legal question is whether the plaintiff has any law—statutory

6

or jurisprudential—to support his claim that the defendant owed him a duty. *Faulkner v. The McCarty Corp.*, 02–1337, pp. 4–5 (La.App. 4 Cir. 6/11/03), 853 So.2d 24, 28. Absent a duty to the plaintiff, there can be no actionable negligence and, hence, no liability. *Bridgewater*, 15–0922 at p. 10, 190 So.3d at 415.

*Id.*, 16-0329, p. 9, 203 So. 3d at 390.

Moreover, "[u]nder Louisiana law, a defendant generally does not have a duty to protect against an open and obvious hazard." *Broussard v. State ex rel. Office of State Bldgs.*, 12-1238, p. 10 (La. 4/5/13), 113 So. 3d 175, 184. "In order for a hazard to be considered open and obvious, this Court has consistently stated the hazard should be one that is open and obvious to all, *i.e.*, everyone who may potentially encounter it." *Id.* The determination of whether a defect is open and obvious on a motion for summary judgment is not a novel issue for this Court. We previously stated:

> This court set forth the "legal contours of the open and obvious to all defense" in *Scarberry*, 13–0214 at pp. 7–11, 136 So.3d at 203–05. There, we noted that the Supreme Court in *Broussard v. State of Louisiana, Office of State Bldgs.*, 12–1238 (La. 4/5/13), 113 So.3d 175,9 indicated that "the issue of whether a condition constitutes an open and obvious hazard is properly raised in connection with the risk-utility analysis employed in deciding whether an owner of a thing is responsible for injuries caused by a hazardous condition or defective component." *Scarberry*, 13–0214 at p. 8, 136 So.3d at 203.10 Continuing, we noted:
>
>> Under Louisiana law, a defendant generally does not have a duty to protect against an open and obvious hazard. *See, e.g., Hutchinson v. Knights of Columbus, Council No. 5747*, 03–1533, p. 9 (La.2/20/04), 866 So.2d 228, 234. In order for a hazard to be considered open and obvious, the Supreme Court has consistently stated the hazard should be one that is open and obvious to all, *i.e.*, everyone who may potentially encounter it. *See, Murray v. Ramada Inns, Inc.*, 521 So.2d 1123, 1136 (La.1988) ("[A] potentially dangerous condition that should be obvious to

7

all comers is not, in all instances, unreasonably dangerous."). In *Broussard*, the Supreme Court acknowledged those critics, like the trial judge in this case, who assert that the "open and obvious" argument suggests a disguised application of contributory negligence or assumption of the risk doctrines, by observing that, "when the risk is open and obvious to everyone, the probability of injury is low and the thing's utility may outweigh the risks caused by its defective condition." 12–1238, pp. 10–11, 113 So.3d at 184. The Court further observed that the open and obvious to all issue, unlike assumption of the risk doctrine, "focuses on the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or potentially ascertainable knowledge." *Broussard*, 12–1238, p. 18, 113 So.3d at 188.

The jurisprudence, accordingly, provides that if the facts and circumstances of a particular case show a dangerous condition that should be open and obvious to all who encounter it, then the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. *See*, *e.g.*, *Jimenez v. Omni Royal Orleans Hotel*, 10–1647 (La.App. 4 Cir. 5/18/11), 66 So.3d 528.

*Scarberry*, 13–0214 at pp. 10–11, 136 So.3d at 204.

\*　　　\*　　　\*

Clarifying *Broussard*, the Supreme Court, in a trio of cases, held that, absent any material factual issue, the summary judgment procedure can be used to determine whether a defect is open and obvious and thus does not present an unreasonable risk of harm.

*Jones*, 16-0329, pp. 12-14, 203 So. 3d at 391–93. See *Bufkin v. Felipe's Louisiana, LLC*, 14-0288 (La. 10/15/14), 171 So. 3d 851 (dumpster was obvious such that "any vision obstruction, caused by the dumpster, to a pedestrian crossing Conti Street at that mid-block location was obvious and apparent, and reasonably safe for persons exercising ordinary care and prudence"); *Rodriguez v. Dolgencorp, LLC*, 14-1725 (La. 11/14/14), 152 So. 3d 871 (shopping carts in

parking lot were open and obvious and plaintiff failed to produce evidence she could meet her burden of proof at trial that defendant owed a duty); *Allen v. Lockwood*, 14-1724 (La. 2/13/15), 156 So. 3d 650 (once defendants proved that an unpaved grassy area was obvious and apparent, "[p]laintiff then failed to produce any evidence to rebut their evidence or demonstrate how the alleged defects caused the accident"). Further, the Louisiana Supreme Court flatly stated that "our opinion in *Broussard* . . . , should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous." *Bufkin*, 14-0288, p. 12, n.3, 171 So. 3d at 859.

Moreover, "in a trip and fall case, the duty is not solely with the landowner." *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, p. 9 (La. 2/20/04), 866 So. 2d 228, 235. "A pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear." *Id.* Therefore, "[a] landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as it was to the landowner." *Id.*

Next, we must examine the evidence presented to the trial court. Kearney's Motion for Summary Judgment included Mr. Evan's affidavit and excerpts from the depositions of Mrs. Robertson, Mr. Robertson, and Ms. Lewis.

Mr. Evans attested that he "personally met with the Robertson [sic] and subsequently inspected the alleged location of the incident." Further, Mr. Evans attached a photo that, "[b]ased upon the allegations by Mr. and Mrs. Robertson," depicts the subject hole. Mr. Evans stated that the hole he measured was eighteen inches by thirty-eight inches and three inches deep.

Mrs. Robertson stated that she visited her husband regularly over the years to deliver his lunch, bring him to, and take him from work. She testified that there were potholes in the yard when she was driving in. Mrs. Robertson handed Mr. Robertson his lunch and fell in a hole while walking back to her vehicle. Specifically, Mrs. Robertson stated that she did not see anything obstructing or covering the hole on the day of the incident. However, she could not recall what the weather was like that day or if there was water in the hole. She said she did not see the hole because "I never looked down." Then she reiterated, "walking towards him, never looked at the ground, going or coming. I never looked at the ground."

Mr. Robertson testified that he worked for Kearney between eight and ten years and, in that time, Mrs. Robertson delivered his lunch "most days." He further stated that she exited her vehicle to bring him lunch on prior occasions. Importantly, Mr. Robertson testified that the hole his wife fell in was made by a pad that is used to support containers when placed on the ground. He then stated that nothing was obstructing the view of the pad hole.

Ms. Lewis, who was in the vehicle when Mrs. Robertson fell, testified that her mother did not see the hole "because if she did see the hole, she wouldn't have fell in it."

In opposition to Kearney's Motion for Summary Judgment, the Robertsons relied upon excerpts from the depositions of Mr. Evans, Mrs. Robertson, Mr. Robertson, and Ms. Lewis, as well as responses to interrogatories. Mr. Evans' deposition testimony revealed that he met with the Robertsons on August 4, 2017, when they reported the fall.

Mr. Robertson testified that the hole his wife fell in was "[t]he size of the

10

pad on the trailer container." The "hole she fell in, yeah, made by the pad." The excerpt also includes Mr. Robertson's statement that nothing was obstructing the pad hole. Mr. Robertson had seen other pad holes in different areas.

Mrs. Robertson stated that she fell into a pothole, but that there was nothing obstructing the hole. Later in the deposition, Mrs. Robertson said she did not know if anything was obstructing the hole.

Reviewing the evidence produced by Kearney, it is undisputed that Mrs. Robertson allegedly fell during the daytime and the hole was created by a pad used to support containers. Mrs. Robertson admitted that she "never looked down." Ms. Lewis testified that if her mother had seen the hole, she would not have fallen into it. Thus, Kearney established evidence sufficient to show that the hole was open and obvious, as well as Mrs. Robertson's own testimony demonstrating that she was not exercising due care as a pedestrian. This demonstrated an absence of factual support for an essential element of the Robertsons' claims, *i.e.*, that Kearney owed Mrs. Robertson a duty.

"Once a motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Bufkin*, 14-0288, p. 11, 171 So. 3d at 858. The evidence submitted by the Robertsons' in opposition to the Motion for Summary Judgment failed "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La. C.C.P. art. 966(D)(1). The Robertsons contend that because Kearney did not produce evidence of the exact hole Mrs. Robertson allegedly fell into, then that fact is material and presents a genuine issue. We disagree.

11

The hole was created by a pad, no one saw anything obstructing the hole, and Mrs. Robertson never looked down. Therefore, identifying the exact hole is not material or essential to the Robertsons' case. Furthermore, the Robertsons did not produce a picture of another hole or the "correct" hole to dispute the hole represented by Kearney.[3] "Argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact." *Rapp v. City of New Orleans*, 95-1638, p. 4 (La. App. 4 Cir. 9/18/96), 681 So. 2d 433, 437. Further, "[a]llegations without substance will not support a summary judgment." *Bridges v. Carl E. Woodward, Inc.*, 94-2675, p. 5 (La. App. 4 Cir. 10/12/95), 663 So. 2d 458, 461.

Accordingly, we find that once Kearney put forth sufficient evidence to show that the Robertsons would be unable to prove Kearney owed Mrs. Robertson a duty, the burden shifted to the Robertsons. The Robertsons failed to put forth any evidence in support that the hole was not open and obvious. Therefore, based on the particular facts and circumstances of this case, the trial court did not err by granting Kearney's Motion for Summary Judgment and dismissing the Robertsons' claims.

### DECREE

For the above-mentioned reasons, we find that Mr. Evans' affidavit sufficiently met the requirements of La. C.C.P. art. 967. Thus, the trial court did not abused its discretion by denying the Robertsons' Motion to Strike Affidavit. Upon review, we find that Kearney produced sufficient evidence to demonstrate that there was an absence of factual support that it owed a duty to Mrs. Robertson. When the burden shifted, the Robertsons failed to produce any evidence in their

---

[3] This Court notes that the parties conducted a group site visit to identify, photograph, and measure the hole.

12

favor.  As such, Kearney's Motion for Summary Judgment was properly granted because the hole was open and obvious such that no duty was owed to Mrs. Robertson.  The judgment of the trial court is affirmed.

**AFFIRMED**