McClendon, j.
12AppeIIant, Ronnie McLin, who alleges that he entered into a valid agreement with a corporate entity, seeks review of the trial court’s granting of a motion for summary judgment in favor of the corporation. Appellant asserts that the granting of the motion was improper because he entered into an agreement with an agent of the corporation granting him the exclusive rights to open a restaurant franchise. Alternatively, he argues that he detrimentally relied upon the agent’s acts and/or omissions such that the corporation is bound for the agent’s acts. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On April 28, 2010, John T. Guzzardo, Jr. signed an agreement with Ronnie McLin, which purportedly granted McLin the exclusive right to open a HI HO Bar-B-Q restaurant in the town of Livingston for a period of two years from the date of the agreement. Specifically, the agreement provides:
*465 [[Image here]]
On April 5, 2011, a third party, HI HO Barbeque 5, LLC, under a HI HO fran-ehise/license agreement, established and commenced operating a HI HO Bar-B-Q restaurant in the town of Livingston.
|sOn June 2, 2011, McLin filed a Petition for Injunctive Relief, naming HI HO, Inc. and John T. Guzzardo, Jr. as defendants. Therein, McLin alleged that HI HO, Inc. intentionally breached the April 28, 2010 contract and he sought injunctive relief to prohibit and terminate the operation of HI HO Barbeque 5, LLC’s restaurant in Livingston. McLin also asserted that relying on his exclusive rights to operate a franchise, he acquired certain immovable property and a restaurant business for serving the general public retail food services. In a First Amending and Supplemental Petition for Injunctive Relief, McLin named J.T. and Stella Guzzardo,[1] Inc., known as *466 HI HO 1 dba HI HO # 1 Famous Bar-BQ as defendants.
In their respective answers, J.T. and Stella Guzzardo, Inc. and John T. Guzzar-do, Jr. alleged that John T. Guzzardo, Jr. was not an authorized representative or agent for HI HO, Inc. Rather, they indicated that John T. Guzzardo, Jr. “is merely an employee of said enterprise without any authorization to grant any franchises or to bind the corporate entity he works for in any fashion.”
Subsequently, J.T. and Stella Guzzardo, Inc. (“the Corporation”) filed a Motion for Summary Judgment. Therein, the Corporation asserted that John T. Guzzardo, Jr. did not have authority to contract on behalf of or bind the Corporation such that McLin never had an enforceable, binding contract with the Corporation. In support of its motion for summary judgment, the Corporation attached the affidavit of John T. Guzzardo, Sr., the President of the Corporation. Therein, he attested, in part:
3. That John T. Guzzardo, Jr. is an employee of Hi-Ho restaurant owned and operated by J.T. & Stella Guzzardo, Inc.
4. That John T. Guzzardo, Jr. is not an authorized agent of the corporation.
5. That John T. Guzzardo, Jr. did not have the authority to legally bind the corporation in the alleged transaction involving Ronnie McLin.
|46. That J.T. & Stella Guzzardo[,] Inc. have a specific franchise agreement form which is used to grant the right to own/operate a Hi-Ho restaurant.
7. That Ronnie McLin did not sign a franchise agreement with the corporation for the right to own/operate a Hi-Ho Restaurant.
8. That Ronnie McLin did not pay the corporation any consideration for the right to own/operate a Hi-Ho restaurant.
In response, McLin asserted that genuine issues of material fact remained as to whether John T. Guzzardo, Jr. had actual, express or implied, or apparent authority to bind the Corporation and whether any consideration was made for the subject written agreement granting McLin the exclusive right to operate and obtain a franchise/license agreement in Livingston. McLin also asserted that he relied on Guz-zardo’s acts, including among other things, purchasing a restaurant business and securing a lease. As such, Mr. McLin concluded that summary judgment was inappropriate.
Following a hearing on May 21, 2012, the trial court signed a judgment granting summary judgment in favor of the Corporation and dismissing McLin’s claims against the Corporation with prejudice.[2]
McLin has appealed, raising two assignments of error. First, he asserts that the trial court erroneously held that there are no genuine issues of material fact as to whether John T. Guzzardo, Jr. had authority — express, apparent, and/or implied — to act on behalf of the Corporation. Second, McLin asserts that the trial court erred in concluding that no genuine issues of material fact remained regarding whether he relied on John T. Guzzardo, Jr.’s acts and/or omissions and as a result sustained damages such that summary judgment should not have been granted in favor of the Corporation.
*467 DISCUSSION
I»A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. All Crane Rental of Georgia, Inc. v. Vincent, 10-0116 (La.App. 1 Cir. 9/10/10), 47 So.3d 1024, 1027, writ denied, 10-2227 (La.11/19/10), 49 So.3d 387. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Costello v. Hardy, 03-1146 (La.1/21/04), 864 So.2d 129, 137. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law. See LSA-C.C.P. 966(B)(2).
The burden of proof on a motion for summary judgment remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Pugh v. St. Tammany Parish School Board, 07-1856, (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 97 (on rehearing), writ denied, 08-2316 (La.11/21/08), 996 So.2d 1113; see also LSA-C.C.P. art. 967(B). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive |filaw applicable to this case. Janney v. Pearce, 09-2103 (La.App. 1 Cir. 5/7/10), 40 So.3d 285, 290, writ denied, 10-1356 (La.9/24/10), 45 So.3d 1078.
In considering whether genuine issues of material fact remain as to the liability of the Corporation, we must consider the law of agency and mandate. A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary or agent, to transact one or more affairs for the principal. LSA-C.C. art. 2989. A mandatary’s power or authority is composed of his actual authority, express or implied, together with the apparent authority which the principal has vested in him by his conduct. Boulos v. Morrison, 503 So.2d 1, 3 (La.1987).
An actual agency is a contract between the principal and agent created either expressly or by implication. AAA Tire & Export, Inc. v. Big Chief Truck Lines, Inc., 385 So.2d 426, 429 (La.App. 1 Cir.1980). An agency is created expressly by the oral or written agreements of the parties. Id. It is created by implication when, from the nature of the principal’s business and the position of the agent within the business, the agent is deemed to have permission from the principal to undertake certain acts which are reasonably related and necessary concomitant of the agent’s express authorization. Id.
*468 As between the principal and the mandatary, the limit of the mandatary’s authority to bind the principal is governed by the agent’s actual authority. Boulos, 503 So.2d at 3. However, as between the principal and third persons, the limit of an agent’s authority to bind the principal is governed by his apparent authority. Id. As the Louisiana Supreme Court stated in Tedesco v. Gentry Dev., Inc., 540 So.2d 960, 963 (1989):
Apparent authority is a doctrine by which an agent is empowered to bind his principal in a transaction with a third person when the principal has made a manifestation to the third person, or to the community of which the third person is a member, that the agent is authorized to engage in the particular transaction, although the principal has not actually delegated this authority to the agent. In an actual authority situation the principal makes the manifestation first to the agent; in an apparent authority situation the principal makes this manifestation to a third person. However, the third person has the same rights in relation to the principal under either actual or apparent authority. Further, apparent [7authority operates only when it is reasonable for the third person to believe the agent is authorized and the third person actually believes this. (Citations and footnote omitted)
In order for the doctrine of apparent authority to apply, the principal must first act to manifest the alleged manda-tary’s authority to an innocent third party. Boulos, 503 So.2d at 3. Then, the third party must reasonably rely on the manda-tary’s manifested authority. Id. See also LSA-C.C. art. 3021.
On appeal, McLin contends that John T. Guzzardo, Jr. held himself out to have all authority to make decisions, including entering into franchise/licensing agreements.[3] McLin notes that Guzzardo executed, in writing on a document with a HI HO heading, a two-year exclusive arrangement to allow McLin to purchase a HI HO franchise in the town of Livingston. McLin avers that his relationship with Guzzardo began years prior when he had approached Guzzardo about his interest in obtaining the rights to own and operate a HI HO restaurant. McLin asserts that if Guzzardo lacked the authority to sell, he had ample opportunity to advise him of such.
*469 | sMcLin, in assignment of error number one, asserts that John T. Guzzar-do, Jr. had actual authority, either express or implied, from the Corporation to enter the franchise/license agreement In addition to the affidavit submitted by J.T. Guz-zardo, Sr. in support of the Corporation’s motion, the deposition of John T. Guzzar-do, Jr. was also introduced. Therein, John T. Guzzardo, Jr. testified that he had been given no authority to enter license/franchise agreements on behalf of the Corporation and such authority belonged solely to his father.
McLin has presented nothing in his opposition to the Corporation’s motion for summary judgment to show that John T. Guzzardo had express authority. Specifically, McLin has not introduced any charter, corporate bylaws, or any resolution of the board of directors that granted John T. Guzzardo, Jr. such express authority. See LSA-R.S. 12:81(A) and 12:82(D). McLin has also presented no other express agreement between the Corporation and John T. Guzzardo, Jr. granting such authority. Additionally, with regard to implied authority, it connotes permission from the principal for the agent to act, though that permission is not expressly set forth orally or in writing. Generally, one should look from the viewpoint of the principal and the agent to determine whether one has implied authority. AAA Tire & Export, Inc., 385 So.2d at 429. Given John T. Guzzardo, Jr.’s testimony that he never believed he had authority to grant such an agreement and the principal’s position that no such authority had ever been granted, it necessarily follows that there was also no implied authority. McLin has not presented anything to show that he will be able to satisfy his evidentiary burden of proof at trial to establish an actual agency relationship.
Even assuming that a franchise/license agreement could be enforced against a corporation absent actual express authority,[4] McLin has not shown that |9the Corporation acted in any manner to suggest to McLin or to the community that John T. Guzzardo, Jr. was authorized to engage in the particular transaction. Ted-esco, 540 So.2d at 963. Rather, the allegations merely reflect that McLin relied upon the actions of the purported agent alone. Such reliance, without any manifestations by the principal, is insufficient to support binding the Corporation under the doctrine of apparent authority. Because McLin will not be able to satisfy his burden of proof at trial to show apparent authority, we find no merit to assignment of error number one.
In his second assignment of error, McLin asserts that he detrimentally relied upon John T. Guzzardo, Jr.’s acts and/or omissions such that the Corporation should not be released from the litigation. The elements for a cause of action for detrimental reliance, as provided by LSA-C.C. *470 art.1967,[5] are: (1) the defendant (promi-sor) made a promise to the plaintiff (prom-isee); (2) the defendant knew or should have known that the promise would induce the plaintiff to rely on it to his detriment; (3) the plaintiff relied on the promise to his detriment; (4) the plaintiff was reasonable in relying on the promise; and (5) the plaintiff suffered damages as a result of the reliance. Wooley v. Lucksinger, 06-1167 (La.App. 1 Cir. 5/4/07), 961 So.2d 1228, 1238. In opposition to the Corporation’s motion, McLin has not attested that he relied upon any promises made by the Corporation. Rather, as noted above, McLin attested that he relied upon acts and/or omissions of John T. Guzzardo, Jr. Accordingly, McLin cannot carry his burden of proof at trial against the Corporation on a detrimental reliance claim. Assignment of error number two is without merit.
^CONCLUSION
For the foregoing reasons, the trial court’s June 12, 2012 judgment granting summary judgment in favor of the Corporation is affirmed. Costs of this appeal are assessed to plaintiff/appellant, Ronnie McLin.
AFFIRMED.

. John T. Guzzardo, Sr. and Stella Guzzardo are John T. Guzzardo, Jr.’s parents.

. John T. Guzzardo, Jr. also moved for summary judgment, but the trial court denied Guzzardo's motion at that time. The trial court granted a subsequent motion for summary judgment filed by John T. Guzzardo, Jr., which is the subject of the appeal in McLin v. Hi Ho, Inc., 2013-0036 (La.App. 1 Cir. 6/7/13), 119 So.3d 830, 2013 WL 2456254, that is also being handed down this date.

. McLin avers that the following admissions by John T. Guzzardo, Jr. indicate that he had authority to allow McLin to secure a HI HO franchise/license agreement:
1) Admits telling McLin he was going to get the HI HO franchise and territory around the Town of Livingston;
2) Admits writing, signing and dating the agreement granting McLin the exclusive right to operate. and obtain a HI HO franchise in the Town of Livingston;
3) Admits executing the written agreement to assure McLin that he was going to be able to buy a franchise;
4) Admits telling McLin that he did not need any money until "[W]hen you sign the license agreement, that’s when you pay.”
5) Admits assuring McLin he was going to be able to buy a franchise;
6) Admits that normally all prospective franchise/license agreement purchasers go through him;
7) Admits conversations with McLin about the HI HO franchise and explaining all the terms and conditions, costs, how licensed and franchises worked;
8) Admits McLin furnishing him a copy of his HI HO # 4 business plan;
9) Admits discussing and physically inspecting potential sites with McLin and making recommendations;
10) Admits that knowing McLin was trying to find a suitable location to set up a HI HO after his signing the two-year exclusive agreement, and even after having this knowledge, the license agreement for Livingston was sold to someone else.

. The Corporation submits that it can be bound to a license/franchise agreement only if John T. Guzzardo, Jr. had actual express authority to enter the agreement. The Corporation avers that an exclusive rights agreement is clearly an "act of surrendering or waiving a corporation's legal right,” which is "the type of act that requires an express power” and "[w]here a document bearing such legal significance is involved, the other party should be on notice that express authorization is necessary for the agent to sign it.” See Bridges v. X Communications, Inc., 03-441 (La.App. 5 Cir. 11/12/03), 861 So.2d 592, 598, writ denied, 03-3431 (La.2/20/04), 866 So.2d 830. Because we conclude that McLin cannot carry his burden of proof under the doctrine of actual implied authority or apparent authority, we need not address whether express authority is necessary to bind the Corporation.

. Louisiana Civil Code article 1967 provides: Cause is the reason why a party obligates himself.
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.