McClendon, j.
|2Appellant, Ronnie McLin, seeks review of the trial court’s granting of a motion for summary judgment in favor of a purported agent for a corporation. Appellant asserts that the granting of the motion was improper because he entered into an agreement with an agent granting him the exclusive rights to open a restaurant franchise and he detrimentally relied upon the agent’s acts and/or omissions such that the agent is bound for his acts. For the reasons that follow, we affirm the judgment to the extent that it dismissed appellant’s request for injunctive relief. However, we reverse the judgment to the extent that it dismissed appellant’s claims based on detrimental reliance.
*832 FACTS AND PROCEDURAL HISTORY
The factual and procedural history of this matter is set forth in detail in our opinion in McLin v. HI HO, Inc., 2012-1702 (La.App. 1 Cir. 6/7/13), 118 So.3d 462, 2013 WL 2456197, also handed down on this date.
Pertinent hereto, John T. Guzzardo, Jr. purportedly granted McLin the exclusive “rights to open a Hi-Ho BBQ in the town of Livingston” for a period of two years. After another entity opened a HI HO restaurant in Livingston within the two year period, McLin instituted an action seeking injunctive relief against John T. Guzzardo, Jr. and J.T. and Stella Guzzardo, Inc.
After the corporate entity was dismissed on summary judgment, John T. Guzzardo, Jr. filed a motion for summary judgment. Guzzardo asserted that he did not have authority to contract on behalf of the corporate entity such that McLin never had an enforceable binding contract for anything. Guzzardo also asserted that McLin’s purported detrimental reliance on a gratuitous promise was neither justifiable nor reasonable.
In opposition, McLin asserted that based on the assurances and the agreement signed by Guzzardo, who held himself out to have all authority to make licensing decisions, McLin commenced the process of purchasing, setting up, and operating a business. McLin avers that based on Guzzardo’s promises, | ..¡assurances, acts, and conduct, McLin may enforce the agreement based upon a theory of estoppel and detrimental reliance, as recognized by LSA-C.C. art. 1967.
Following a hearing, the trial court, concluding that no consideration had been given and that McLin’s reliance was unreasonable, granted Guzzardo’s motion for summary judgment and dismissed McLin’s claims against him.
McLin has appealed, raising two assignments of error. First, he asserts that the trial court erroneously held that there are no genuine issues of material fact as to whether John T. Guzzardo, Jr. had authority to act on behalf of the Corporation. Second, McLin asserts that the trial court erred in concluding that no genuine issues of material fact remained regarding whether he detrimentally relied on John T. Guzzardo, Jr.’s acts and/or omissions and, as a result, sustained damages such that summary judgment should not have been granted in favor of Guzzardo.
DISCUSSION
In his first assignment of error, McLin asserts that genuine issues of material fact exist as to whether John T. Guzzardo, Jr. had actual and/or apparent authority to bind the Corporation. However, for the reasons set forth in McLin v. HI HO, Inc., 2012-1702 (La.App. 1 Cir. 6/7/13), 118 So.3d 462, 2013 WL 2456197, also handed down this date, we conclude that McLin cannot meet his burden of proof at trial to show that Guzzardo had either actual or apparent authority such that the corporate entity can be bound by his actions. Accordingly, McLin’s first assignment of error is without merit.[1]
In his second assignment of error, McLin asserts that genuine issues of material fact remain regarding whether he detrimentally relied on Guzzardo’s acts and conduct.[2]
*833 |4The doctrine of detrimental reliance, sometimes also referred to in the jurisprudence as promissory or equitable estoppel, is codified in Louisiana Civil Code article 1967, which provides:
Cause is the reason why a party obligates himself.
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee’s reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.
The doctrine of detrimental reliance is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence. Suire v. Lafayette City-Parish Consol. Government, 04-1459 (La.4/12/05), 907 So.2d 37, 59. To establish detrimental reliance, a party must prove the following by a preponderance of the evidence: (1) the defendant (promisor) made a promise to the plaintiff (promisee); (2) the defendant knew or should have known that the promise would induce the plaintiff to rely on it to his detriment; (3) the plaintiff relied on the promise to his detriment; (4) the plaintiff was reasonable in relying on the promise; and (5) the plaintiff suffered damages as a result of the reliance. Wooley v. Lucksinger, 06-1167 (La.App. 1 Cir. 5/4/07), 961 So.2d 1228, 1238.
McLin asserts that Guzzardo held himself out to have all authority to make decisions. Specifically, in opposition to Guzzardo’s motion for summary judgment, McLin introduced Guzzardo’s deposition testimony. Therein, Guzzardo acknowledged that, in addition to signing the April 28, 2010 agreement, he told McLin that he would ultimately be able to secure the franchise for the territory around the town of Livingston. Guzzardo also indicated that he and McLin discussed the terms, conditions, and costs of operating a HI HO franchise and that the two had considered several properties to determine whether the specific | locations would be appropriate for a franchise. Guzzardo also noted that McLin had prepared a business plan for the franchise and had brought it to show Guzzardo. McLin avers that these acts demonstrate that Guzzardo projected his ability and authority to sell McLin a HI HO franchise/license agreement.
Relying upon Guzzardo’s acts, McLin attested, in an affidavit, that he: 1) purchased an ongoing restaurant business and its equipment, furnishings and inventory; 2) negotiated a lease for a building; 3) prepared a business plan; 4) sought financial assistance for purchasing and operating a HI HO franchise; and 5) appeared in a news article regarding opening his newly-established restaurant and reported therein on the future of the HI HO acquisition. As such, McLin concludes that genuine issues of material fact remain as to whether he detrimentally relied upon *834 Guzzardo’s acts and/or omissions and is entitled to damages for such reliance.
Guzzardo contends that the “promise,” as evidenced by the four corners of the document, was nothing more than gratuitous. Under LSA-C.C. art. 1967, however, a party can be bound by a gratuitous promise. “Cause” is not “consideration,” and the reason why a party binds himself need not be to obtain something in return or to secure an advantage for himself. An obligor may bind himself by a gratuitous contract, that is, he may obligate himself for the benefit of the other party without obtaining any advantage in return. LSA-C.C. art. 1967, Revision Comments — 1984 comment (c); see also Aaron & Turner, LLC v. Perret, 07-1701 (La.App. 1 Cir. 5/4/09), 22 So.3d 910, 915 (on rehearing), writ denied, 09-1148 (La.10/16/09), 19 So.3d 476. Under Article 1967, a promise becomes an enforceable obligation when it is made in a manner that induces the other party to rely on it to his detriment. LSA-C.C. art. 1967, Revision Comments — 1984 comment (d).
Nevertheless, Guzzardo notes that reliance on a gratuitous promise made without requisite formalities is not reasonable as a matter of law. See LSA-C.C. art. 1967. Guzzardo maintains that the agreement lacked a price such that McLin’s reliance on it was not reasonable. Even if the agreement is gratuitous, | ^Guzzardo has pointed to nothing that requires a price be included in the written contract at issue or that the contract lacked any other formality required by law.[3]
Issues that require the determination of reasonableness of acts and conduct of parties under all facts and circumstances of the case cannot ordinarily be disposed of by summary judgment, Granda v. State Farm Mut. Ins. Co., 04-1722 (La.App. 1 Cir. 2/10/06), 935 So.2d 703, 707, writ denied, 06-0589 (La.5/5/06), 927 So.2d 326; see also Cenac v. Hart, 98-01679 (La.App. 3 Cir. 4/7/99), 741 So.2d 690, 696 (in reversing the grant of an exception of no cause of action under an action for detrimental reliance, the court indicated that the “reasonableness of [plaintiffs] reliance ... is a matter best addressed at trial.”) While McLin may have difficulty establishing the reasonableness of his reliance at trial of this matter, such a determination of fact is not appropriate on a motion for summary judgment. Therefore, genuine issues of material fact remain as to whether McLin detrimentally relied on Guzzardo’s actions. Assignment of error number two has merit.
CONCLUSION
In light of the foregoing, we affirm the judgment to the extent that it dismissed McLin’s request for injunctive relief, but reverse the judgment to the extent that it dismissed McLin’s claims for detrimental reliance. This matter is hereby remanded for further proceedings. Costs of this appeal are assessed to defendant/appellee, John T. Guzzardo, Jr.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

. Because McLin cannot get what he purportedly bargained for, i.e. the exclusive rights contract with the Corporation, it necessarily follows that he is not entitled to the injunctive relief he seeks,

. We note that McLin, in his petition, did not specifically seek damages for detrimental reli- *833 anee in any of his pleadings, but McLin did allege that he relied on Guzzardo’s acts in securing immovable property and a restaurant facility. Louisiana Code of Civil Procedure article 854 provides that no technical forms of pleading are required. Moreover, LSA-C.CP. article 865 commands us to construe all pleadings so as to do substantial justice. See McClelland v. State Nat. Life Ins., 94-2123 (La.11/18/94), 646 So.2d 309 (per curiam). Accordingly, McLin's claim for detrimental reliance was adequately plead. Additionally, defendants did not object to Guz-zardo addressing the detrimental reliance claim in opposition to his motion for summary judgment, nor to same having been addressed by the trial court.

. We note that McLin attested that the parties agreed that die price of the franchise would be $15,000.00. The money was not to be exchanged until the parties entered the franchise agreement.