WHIPPLE, C.J.
I ¡.This is an appeal by plaintiffs, Nancy Miller and Zachary Miller, from a judgment of the trial court, granting defendant, Monica Tauzin’s, motion for summary judgment and dismissing plaintiffs’ claims against her with prejudice. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY ,
On July 8, 2012, at approximately 12:05 a.m., Ethan Miller was riding his bicycle along Louisiana Highway 308 in Lafourche Parish, on his way home from his job, when he was struck by an automobile driven by Brent Tauzin, resulting in Ethan’s untimely death.
Brent Tauzin’s actions leading up to this tragic accident are undisputed. On July 7, 2012, Brent Tauzin and his wife, Monica Tauzin, went boating on a friend’s boat on Lake Verret. Brent was drinking throughout the day, until he and his wife returned 'to their home at approximately 11:00 p.m. After his wife drove them home, Brent told her that he was going to get something to eat. Monica Tauzin asked Brent not to drive and told him that she would bring him to get something to eat after she took a bath. While she was bathing, Brent took the keys to their automobile from the kitchen counter and left the house to go to Burger King. On his *1177 way to Burger King, Brent was involved in the subject accident with Ethan Miller.[1]
Following the accident and Ethan’s death, Ethan’s parents, Nancy and Zachary Miller (“the Millers”), filed a wrongful death lawsuit, naming as defendants: (1) Brent Tauzin; (2) Brent Tauzin’s wife, Monica Tauzin; (3) the Tauzins’ automobile insurer, Allstate Insurance Company; and (3) the Tauzins’ homeowner insurer, ASI Lloyds.
| sIn an amended petition, the Millers specifically alleged that by driving her intoxicated husband home, Monica Tauzin assumed the duty of preventing her intoxicated husband from, operating a vehicle on the public roads and endangering others, and that she thereafter breached this duty when “she failed to secure the keys to the vehicle owned by the couple, thereby preventing her husband from leaving their residence and causing the [subject] accident ... ”.
In response to the amended petition, Monica Tauzin filed a motion for summary judgment, contending that she did not breach any legal duty owed to the Millers that led or contributed to her husband’s accident with the Millers’ son. Following a hearing, the trial court rendered judgment, granting Monica Tauzin’s motion for summary judgment and dismissing with prejudice the Millers’ claims against her.[2] From this judgment, the Millers now appeal.
SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. McLin v. Hi Ho, Inc., 2012-1702 (La.App. 1st Cir.6/7/13), 118 So.3d 462, 467. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue.of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(2).
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is now favored. LSA-C.C.P. art. 966(A)(2). On a motion for summary judgment, the initial burden of proof is on the mover. If the moving party will not bear the burden of proof at trial, the Lmovant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. • LSA-C.C.P. art. 966(C)(2).
*1178 In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. McLin, 118 So.3d at 467. Because it is the applicable substantive law that detei’mines materiality,, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Cason v. Saniford, 2013-1825 (La.App. 1st Cir.6/6/14), 148 So.3d 8, 11, writ denied, 2014-1431 (La.10/24/14), 151 So.3d 602.
DISCUSSION
On appeal, the Millers aver that the trial court erred in granting the motion for summary judgment because assumption of a duty and breach of that duty are questions of fact to be decided by the trier of fact, not by summary judgment. In response, Monica Tauzin counters that summary judgment was proper because the undisputed facts of this case establish that she assumed no duty to any third party by driving her husband home from a social event earlier in the day.
A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Ponceti v. First Lake Properties, Inc., 2011-2711 (La.7/2/12), 93 So.3d 1251, 1252. In determining whether to impose a duty in a particular situation, the court may consider various moral, social, and economic factors, including whether the imposition of a duty would result in an unmanageable flow | f¡of litigation; the ease of association between the plaintiffs harm and the defendant’s conduct; the economic impact on society as well as the economic impact on similarly situated parties; the nature of the defendant’s activity; moral considerations, particularly victim fault; and precedent as well as the direction in which society and its institutions are evolving. Sanders v. Posi-Seal Intern., 95-0701 (La.App. 1st Cir.2/23/96), 668 So.2d 742, 746, writ denied, 96-0745 (La.5/10/96), 672 So.2d 924.
In support of their argument that assumption of a duty and breach of that duty are questions of fact that cannot be decided on summary judgment, the Millers cite Schulker v. Roberson, 91-1228 (La.App. 3rd Cir.6/5/96), 676 So.2d 684, a third circuit case. In Schulker, the issue was whether the trial court erred in finding, after a trial, that a tavern did not assume liability to protect the public from intoxicated patrons by hiring security guards. In finding that no duty was owed by the tavern, the court stated, “The question of whether a person has voluntarily assumed a duty is one of fact. Accordingly, the determinations of a trier of fact in this regard are entitled to great deference.” Schulker, 676 So.2d at 688. The Millers contend that this statement thus implies that assumption of a duty cannot be determined on summary judgment. We disagree.
Notably, in Schulker, the court did not directly address whether or not assumption of a duty can be determined on summary judgment, as Schulker involved review of a decision of the trial court after a trial on the merits. Moreover, even if we were to interpret Schulker as the Millers contend, ie., as establishing that assumption of a duty cannot be decided on summary judgment, such an interpretation would be contrary to the well-established principle that existence of a duty is a question of law to be decided by the court, whereas, breach of duty and causation are to be determined by the trier of fact. Sanders, 668 So.2d at 746; Ponceti, 93 So.3d at 1252. This court has specifically [^examined and determined, in a summary judgment proceeding, whether or not a duty was owed, and we see no reason why the issue of whether or not an as *1179 sumption of a duty occurred canñot likewise be determined on summary judgment, when, as here, no genuine issues of material fact remain. See Garrett v. State Farm Fire and Cas. Co., 2013-0344 (La.App. 1st Cir.12/5/13) (unpublished opinion). Accordingly, we find no support for the Millers’ reliance on Schulker herein, and further, we reject the argument that assumption of a duty and breach of that duty are questions of fact that cannot be decided on a motion for summary judgment.
Here, the critical evidence offered by both the Millers and Monica Tauzin in relation to the motion for summary judgment was the deposition testimony of Brent Tauzin. Thus, the material facts, specifically, Monica Tauziris actions leading up to the accident, are undisputed. Further, the Millers have cited no jurisprudential or statutory authority to support the proposition that by driving her intoxicated spouse home, Monica Tauzin assumed a duty to prevent her intoxicated spouse from taking their car keys.[3]
As recognized in the jurisprudence, there is no legal basis or authority in Louisiana which imposes a duty on a spouse to prevent the intoxication of the other spouse or even to warn third persons of the spouse’s intoxicated condition. See West v. Hilton Hotels Corp., 97-2842 (La.App. 4th Cir.5/13/98), 714 So.2d 179, 183. Indeed, this court has been reluctant to impose a duty on any third party, whether spouse or otherwise, where the negligent acts of an intoxicated individual cause injury to another. See Doyle v. Murphy, 2013-1730 (La.App. 1st Cir.5/2/14) (unpublished opinion) (The trial court did not err in granting motion for summary judgment and sustaining objection of no cause of action based on its 17conclusion that the mother did not owe a duty to report to law enforcement that her son was driving under the influence of alcohol, even despite legitimate concerns that an accident might occur.); Butz v. Lynch, 97-2166 (La.App. 1st Cir.4/8/98), 710 So.2d 1171, 1175, writ denied, 98-1247 (La.6/19/98), 721 So.2d 473 (The trial court did not err in granting summary judgment and dismissing claims against automobile guest passenger where plaintiffs alleged that the guest passenger’s unreasonable conduct in participating in the inhalation of a dangerous propellant with the driver while driving rendered the guest passenger liable for automobile accident with plaintiffs.); Danos v. St. Pierre, 383 So.2d 1019, 1022 (La.App. 1st Cir.1980), affirmed in part, 402 So.2d 633, 636-637 (La.1981) (Mere knowledge or awareness of the intoxicated condition of the driver did not impose a duty upon a guest passenger to protect against the risk that the intoxicated driver may injure a third party in an automobile accident.).[4]
Thus, while the facts of this case are tragic, under these undisputed facts, we are unable to find that Monica Tauzin as *1180 sumed a duty, by driving her intoxicated husband home, of protecting her husband from harming himself or of preventing him from endangering others. Consequently, on the record before us, we agree that the trial court’s granting of summary judgment and dismissal of the Millers’ claims against Monica Tauzin was proper herein.
CONCLUSION
For the above and foregoing reasons, the August 21, 2014 judgment of the trial court, granting defendant, Monica Tauz-in’s, motion for summary judgment hand dismissing plaintiffs’ claims against her, with prejudice, is hereby affirmed. Costs of this appeal are assessed to plaintiffs, Nancy Miller and Zachary Miller.
AFFIRMED.

. Brent Tauzin was arrested on the night of the accident for driving while intoxicated. He subsequently pled guilty to negligent homicide.

. The Tauzins’ homeowner's insurer, ASI Lloyds, also filed a motion for summary judgment. However, the parties decided to continue, without date, the hearing on the insurer’s motion for summary judgment, as they acknowledged that the insurer’s motion is directly related to whether the Millers have a claim against Monica Tauzin, and, therefore, the insurer’s motion may be moot if the trial court judgment dismissing the claims against Monica Tauzin is affirmed. Thus, the Millers’ claims against ASI Lloyds are not at issue or before us in this appeal..

. Plaintiffs describe the duty she purportedly assumed as “the prevention of an obviously intoxicated person from operating a motor vehicle on the public roads,” which they claim she "undertook ... because she saw this as necessary to prevent any possible injury to Brent Michael Tauzin, her-self [sic] and the motoring public.”

. We note that plaintiffs do not allege any theory of independent liability or breach of duty based on negligent entrustment, and the record does not support such herein. Instead, as noted above, their motion was premised on Monica Tauzin assuming a duly. Plaintiffs' specific assertion was that even if there had not been a duty owed by Monica Tauzin initially, she assumed a duty to prevent the accident when she drove her husband home and failed to secure her keys. Considering the jurisprudence cited above, we reject these arguments as meritless, in that there is no issue of material fact that could serve as a basis to impose liability upon Monica Tauzin for these acts as alleged by plaintiffs.