# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 19-181

SHANE R. PIERCE AND KIMBERLY M. PIERCE

VERSUS

IRMA M. RODRIGUEZ, ET AL.

**********

SUPERVISORY WRIT FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 251,406
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

### JOHN D. SAUNDERS
### JUDGE

**********

Court composed of John D. Saunders, Billy H. Ezell, and Jonathan W. Perry, Judges.

**WRIT DENIED.**

Fred A. Pharis
Pharis Law Offices
831 DeSoto Street
Alexandria, LA 71301
(318) 445-8266
COUNSEL FOR PLAINTIFFS/RESPONDENTS:
    Shane R. Pierce
    Kimberly M. Pierce

**Michael E. Parker**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1350**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
    **RLI Insurance Company**
    **Ballard CLC, Inc.**
    **James Bryan Butler**

**Randall Brian Keiser**
**Keiser Law Firm, PLC**
**P. O. Box 12358**
**Alexandria, LA 71315**
**(318) 443-6168**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Irma M. Rodriguez**

**SAUNDERS, Judge.**

Relators, Ballard, CLC, Inc. (Ballard); James Bryan Butler (Butler); and Ballard's insurer, RLI Insurance Company (RLI), seek writs from the denials of two motions for summary judgment in a ruling rendered by the Ninth Judicial District Court, Parish of Rapides, the Honorable Patricia Evans Koch, presiding.

## STATEMENT OF THE CASE

Irma M. Rodriguez (Rodriguez) sold a home located at 109 Belle Trace, Lecompte, Louisiana, to Shane and Kimberly D. Pierce (the Pierces). The sale was "as is" without warranties.

On October 1, 2013, a VA appraisal was conducted, and the appraiser noted masonry cracks and recommended an engineer's report. Rodriguez hired Ballard, and an inspection was performed by Butler, an engineer, whose October 8, 2013 report found the house to be "structurally sound."

After being made aware of the VA appraisal's results, Shane called their lender, Public Service Mortgage (PSM), and indicated that they did not wish to purchase the house because of possible foundation problems. The Pierces were allegedly told that they might be subject to penalties and litigation if they backed out of the sale. The sale went through and closed on October 29, 2013.

The Pierces allege that the failure of the foundation caused a build-up of methane gas from the sewer[1] that made the home uninhabitable by January of 2014. They allege that because they could not pay the mortgage due to having to pay rent on another place to live, the loan was placed in default. The home was seized and sold.

---

[1] Rodriquez alleges that she had the Rapides Parish Sanitarian and Mike Nugent, a sewer system installer and repairman, perform inspections of the sewer system and that the sewer passed inspection.

The Pierces filed suit against Rodriguez, Ballard, Butler, and PSM,[2] alleging that Rodriguez knew and intentionally chose not to disclose that there were latent defects in the foundation and the sewer, as well as numerous other problems, that existed at the time of sale. Rodriguez filed a motion for summary judgment seeking the dismissal of the Pierces' claims. The motion was denied by the trial court, and this court denied her writ application. *Pierce v. Rodriguez*, 17-680 (La.App. 3 Cir. 3/14/18) (unpublished writ decision), *writ denied*, 18-587 (La. 6/1/18), 244 So.3d 436.

Rodriguez filed a third-party demand against Allstate, her homeowner's insurer. Allstate filed a motion for summary judgment alleging that the policy issued to Rodriguez did not provide coverage for a redhibition claim. That motion was denied, and Allstate sought writs. This court granted writs and rendered judgment in favor of Allstate, dismissing both Rodriguez's third-party demand and the Pierces' claim against Allstate. *Pierce v. Rodriguez*, 17-681 (La.App. 3 Cir. 718/18) (unpublished opinion).

Relators filed motions for summary judgment seeking dismissal of the Pierces' claims of detrimental reliance on Butler's report and their claims for loss of consortium. Rodriguez adopted "by reference" the motion for summary judgment filed by Relators. It is unclear whether she intended to adopt both motions, and she has not filed anything in this court in connection with the instant writ application.

The two motions were denied in open court on February 4, 2019. One judgment was signed on February 12, 2019. Relators timely filed a notice of intent to seek writs and requested a return date. The trial court did not set a certain date,

---

[2] RLI was added as a defendant in the first supplemental petition. State Farm, as the insurer of PSM, and Allstate, as the insurer of Rodriguez, were added as defendants in the second supplemental petition. PSM and State Farm settled with the Pierces and are no longer involved in this litigation.

but this writ application was timely filed on February 28, 2019. La.Code Civ.P. art. 1914 and Uniform Rules—Courts of Appeal, Rule 4–3. The Pierces filed an opposition to the writ application.

## SUPERVISORY RELIEF

"A denial of a motion for summary judgment is interlocutory, and the only remedy available is to seek supervisory relief." *Lewis v. Old Republic Ins. Co.*, 17-456, p. 2 (La.App. 3 Cir. 8/23/17), 226 So.3d 557, 558.

## ON THE MERITS

"A reviewing court considers a trial court's judgment on a motion for summary judgment pursuant to the de novo standard." *Schroeder v. Hanover Ins. Co.*, 18-294, p. 3 (La.App. 3 Cir. 9/19/18), 255 So.3d 1123, 1125.

In support of both motions for summary judgment, Relators submitted the original petition for damages and the transcript of Kimberly's deposition taken on March 28, 2017, which is titled "Continuation of Deposition." In a supplemental memorandum, Relators refer to and quote Shane's deposition but do not attach the transcript.

The Pierces' brief in opposition to several motions filed by various parties, including the two motions for summary judgment at issue in this writ application, refers to three exhibits relating to the Pierces' credit expert and to Kimberly's deposition. The copy of this brief attached to the writ application does not include the referenced exhibits.[3]

The court minutes do not reflect that any documents were received into evidence. The Pierces attach portions of the transcript of Kimberly's deposition taken on April 26, 2016, to their opposition to the writ application. This exhibit is

---

[3] This is a violation of Uniform Rules—Courts of Appeal, Rule 4–5(C)(9), but the three exhibits relating to the credit expert are not relevant to this writ application, and Kimberly's deposition transcript is attached to the motion for summary judgment.

3

not properly before this court because it was not placed into the record at the trial court. *Denoux v. Vessel Mgmt. Serv., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84; La.Code Civ.P. art. 966(D)(2).

The documents submitted by the mover must be "sufficient to resolve all material factual issues." *Gilbert v. Gottsegen*, 14-593, p. 8 (La.App. 5 Cir. 5/21/15), 171 So.3d 289, 294, *writ denied*, 15-1406 (La. 10/2/15), 178 So.3d 993. "'[F]actual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor.'" *Bowdoin v. WHC Maint. Serv., Inc.*, 17-150, pp. 4-5 (La.App. 3 Cir. 10/25/17), 230 So.3d 232, 236, quoting *Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050. Thus, "even when no opposition is filed to a motion for summary judgment, the court must still determine whether the movant has met its burden of proof on the motion." *Rangel v. Vega-Ortiz*, 16-146, p. 3 (La.App. 3 Cir. 9/28/16), 200 So.3d 1013, 1016.

For the reasons that follow, we find that Relators have not submitted evidence that resolves all issues of material fact regarding the issues raised in the motions for summary judgment.

*Detrimental Reliance*

"To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Louisiana Office of Risk Mgmt. v. Richard*, 13-890, p. 5 (La. 10/15/13), 125 So.3d 398, 402.

In the petition, the Pierces claim that Relators falsely assured them "that there were no problems with the home and that the home was foundationally and

4

structurally sound." They also allege Butler's "materially false and negligent report . . . induced them to buy the home which was uninhabitable."

Relators assert that the Pierces' claim for detrimental reliance fails because they made up their minds not to purchase the house before Butler issued his report and thereafter went through with the sale without having seen Butler's report. Relators assert that the decision to go through with the sale was based on threats made by PSM and not on Butler's report.

Kimberly testified in deposition that after she was made aware of the VA appraiser's finding of cracks in the masonry, she called her realtor, Tulena Francis (Francis), and the home inspector that she had hired. She conveyed to them that she was not comfortable with the report and that she did not want to have to do foundation repairs. Kimberly testified that she was told that an engineer was being hired as suggested by the VA appraiser. Before the engineer's report was received, Kimberly told Shane to call PSM and tell them that they were not going to purchase the house because of the foundation problems. When asked why they went through with the sale anyway, Kimberly testified: "[w]e were told that there would be fees, penalties, and we would be subject to a lawsuit, and we just did not have the money at the time for that." She further testified that she was given Butler's report at the closing but had not seen it before then. Based on this testimony, Relators assert that the Pierces cannot prove that they relied upon the Butler report to their detriment.

The Pierces assert that Relators ignored Kimberly's testimony that prior to closing, Francis told her that an engineer had looked at the property and that his report stated that the foundation was "fine, it was superficial, and that they were going to be repairing it." Kimberly testified that when she was given Butler's report at closing, it was consistent with what Francis told her. Kimberly stated: "we accepted the report and took the information that we were given." According to the

Pierces, the fact that they had not physically received Butler's report before the closing does not lead to the conclusion that they could not have relied on it to their detriment.

Relators assert that the thing on which the Pierces rely must be known to them prior to making a decision. We find that Kimberly's deposition testimony establishes that the Pierces were aware of the content of Butler's report before closing.

"Issues that require the determination of reasonableness of acts and conduct of parties under all facts and circumstances of the case cannot ordinarily be disposed of by summary judgment." *McLin v. HI HO, Inc.*, 13-36, p. 6 (La.App. 1 Cir. 6/7/13), 119 So.3d 830, 834 (citations omitted). Summary judgment "is not appropriate for judicial determination of subjective facts, such as motive, intent, good faith, or knowledge that calls for credibility evaluations and the weighing of testimony." *Thomas v. Hodges*, 10-2637, p. 1 (La. 2/11/11), 54 So.3d 1109, 1109.

We find that Kimberly's deposition testimony does not establish that she and Shane could not have relied on Butler's report to their detriment. Moreover, we find that Kimberly's deposition testimony does not establish that the Pierces based their decision to proceed with the sale only on the alleged threats made by PSM. Accordingly, we find that the trial court did not err in denying Relators' motion for summary judgment on this issue.

### Loss of Consortium

"Generally, to be entitled to loss of consortium damages, the petitioner must be a member of a specific class, for example, the spouse of the victim." *Morales v. Davis Bros. Constr. Co.*, 97-1648, pp. 4-5 (La. App. 4 Cir. 1/28/98), 706 So.2d 1048, 1050 (citations omitted). Relators contend that Kimberly and Shane had to be married at the time of the sale in order to claim loss of consortium damages. They

base their argument on *Leckelt v. Eunice Superette, Inc.*, 555 So.2d 11 (La.App. 3 Cir. 1989), *writ denied*, 559 So.2d 141 (La.1990), wherein this court held that a spouse who marries a tort victim after the accident cannot maintain a claim for loss of consortium under La.Civ.Code art. 2315. In that case, the plaintiff and his wife lived together for several years prior to the accident and had children together but were not married at the time of the accident. This court went on to state that even if there was a right of action, it failed to see how any damages could be proven because the accident could not have an effect on a marriage that did not exist at the time of the accident.

Kimberly testified in her deposition that at the time of the purchase of the subject property, she and Shane were not married. They had been married and divorced. Kimberly's deposition establishes that she and Shane remarried in May of 2014, after the sale, and that they sought marriage counseling in 2015. Kimberly related the problems in her marriage to the stress caused by the subject incident, children, work, and trust issues.

None of the documents introduced by Relators show when the Pierces were divorced or exactly when they remarried. The closing documents attached to Kimberly's deposition show that Shane and Kimberly signed the mortgage indicating that they were married. Shane gave Kimberly a power of attorney to sign all the documents relating to the purchase of this home for him, and the act of cash sale represents that Shane and Kimberly "are currently married."

None of the documents introduced by Relators shows whether the Pierces were married or divorced when the foreclosure occurred or when the alleged loss of financial reputation affected the Pierces' ability to obtain financing for other purchases.

The petition alleges that Kimberly required medical treatment due to anxiety allegedly caused by this incident. None of the documents introduced by Relators shows whether the Pierces were divorced or married at the time this treatment occurred.

The Pierces contend that unless Relators can show that the Pierces "used marriage just as an artifice to benefit one spouse," the rule of *Leckelt*, 555 So.2d 11, should not apply. This argument is without merit because a party either does or does not belong to the classes of persons entitled to recover damages for loss of consortium under La.Civ.Code art. 2315.

The Pierces also contend that because the nature of the damages they claim are continuing, summary judgment precluding any damages for loss of consortium is inappropriate. This argument overlooks the fact that continuing damages cannot be separated from the continuing tort doctrine which applies as an exception to prescription where the defendants owe a continuing duty to the plaintiff that they continue to breach, and which causes a continuing injury or damages that arise day to day. *See Crump v. Sabine River Authority*, 737 So.2d 720 (La.1999), wherein the court found that the act of digging a canal was the single cause of the injury for prescriptive purposes even though there were continuing ill effects from the tortious act. "When a defendant's damage-causing act is completed, the existence of continuing damages to a plaintiff, even progressively worsening damages, does not present successive causes of action accruing because of a continuing tort." *In re Med. Review Panel for Claim of Moses*, 00-2643, p. 16 (La. 5/25/01), 788 So.2d 1173, 1183. The Pierces do not allege any continuing conduct on the part of Relators. As such, the continuing tort doctrine is not applicable.

We note, however, that in *Aldredge v. Whitney*, 591 So.2d 1201 (La.App. 2 Cir. 1991), the court held that an exception of no right of action would not be granted

8

on the basis that the marriage occurred after the tortious act where the injuries did not become apparent until after the marriage. In that case, the subject accident occurred in January 1989, and the marriage took place in June 1989. The wife did not begin experiencing back pain until October 1989. The court stated that assuming[4] that his wife's back pain was caused by the accident, Aldredge had a cause of action for loss of consortium.

The motion for summary judgment in this case is analogous to an exception of no right of action. Relators have failed to show that the Pierces do not have claims for loss of consortium based solely on the fact that they were not married on the date of the sale because Relators did not prove that all of the damages claimed were apparent before the Pierces remarried. Even though the Pierces may not be able to prove any damages for loss of consortium at trial, Relators have not shown that the Pierces cannot assert those claims. Accordingly, we find that the trial court did not err in denying the motion for partial summary judgment as to the loss of consortium claims.

**WRIT DENIED.** We find no error in the trial court's rulings.

---

[4] The allegations of the petition are accepted as true when deciding an exception of no right of action. *Patriot Constr. & Equip., LLC v. Rage Logistics, LLC*, 15-1136 (La.App. 3 Cir. 4/6/16), *writ denied*, 16-864 (La. 9/6/16), 205 So.3d 917.