| | | |
|---|---|---|
| BELINDA LASALLE | * | NO. 2025-CA-0295 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| HONORABLE CHELSEY R. | * | |
| NAPOLEON, IN HER | | FOURTH CIRCUIT |
| OFFICIAL CAPACITY AS | * | |
| CLERK OF COURT FOR THE | | STATE OF LOUISIANA |
| CIVIL DISTRICT COURT FOR | * * * * * * * | |
| THE PARISH OF ORLEANS | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-08871, DIVISION "D"
Honorable Monique E. Barial, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Monique G. Morial)

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

Gary J. Giepert
THE GIEPERT LAW FIRM, LLC
4603 South Carrollton Avenue
New Orleans, LA 70119


      COUNSEL FOR PLAINTIFF/APPELLANT


Geraldine Broussard Baloney
Abril B. Sutherland
BROUSSARD BALONEY LAW FIRM, APC
400 Poydras Street
Suite 900
New Orleans, LA 70130


      COUNSEL FOR DEFENDANT/APPELLEE


          **AFFIRMED**

          **NOVEMBER 4, 2025**

DLD
MGM

In this breach of contract and detrimental reliance action, the plaintiff, Belinda Lasalle, appeals the trial court's judgment in favor of the defendant, the Honorable Chelsey R. Napoleon, in her official capacity as Clerk for the Civil District Court for the Parish of Orleans ("Clerk of Court"). For the following reasons, we affirm the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY**

Belinda Lasalle began working at the Clerk's Office of Civil District Court for Orleans Parish ("Clerk's Office") in 1985. On December 31, 2005, she retired from her position as Chief Deputy Clerk at the Clerk's Office. At the time of her retirement, Ms. Lasalle was fully vested in the Louisiana Clerks' of Court Retirement and Relief Fund ("the Clerks' Retirement Fund").

In August of 2006, Ms. Lasalle returned to work as a reemployed retiree. Pursuant to La. R.S. 11:1513[1], the Clerks' Retirement Fund had established

_____

[1] La. R.S. 11:1513 provides:

1

regulations and restrictions pertaining to reemployed retirees and the number of hours that a reemployed retiree could work without impacting their retirement benefits. Therefore, the Clerk's Office reported the number of hours that Ms. Lasalle worked to the Clerks' Retirement Fund.

At some point in 2015, when Ms. Lasalle was approaching the maximum amount of time she could work, she stopped working for the year and informed the former Clerk of Court that she would be willing to return to work if there was a way to do so without jeopardizing her retirement benefits. In November 2015, the former Clerk, after consulting with an attorney for the Clerk's Office, informed Ms. Lasalle that she could work as an independent contractor and as such, she would be considered a reemployed employee of the Clerk's Office. On November 2, 2015, Ms. Lasalle and the former Clerk of Court executed a written agreement for Ms. Lasalle to perform work as an independent contractor for the Clerk's Office and they would no longer report Ms. Lasalle's hours to the Clerks' Retirement Fund. However, no one from the Clerk's Office, nor Ms. Lasalle

---

A. A retiree receiving retirement benefits from the system may be temporarily reemployed by a clerk, but the retiree shall not be or become a member of the system during such reemployment. If the retiree is reemployed in any capacity for more than six hundred thirty hours during any calendar year, the benefits payable to the retiree shall be reduced by the amount he earned after six hundred thirty hours during that calendar year. The retiree and the Clerk shall immediately notify the board of the date of reemployment, the amount of any salary paid, any changes in salary, the number of hours employed per week, the estimated duration of reemployment, and the date of the termination of the reemployment. If the retiree dies during reemployment, benefits shall be paid to any other person as if death occurred regardless of reemployment pursuant to any option which may have been selected by the retiree at the time of retirement.
B. During any period of reemployment after June 30, 2018, whether or not the person is an employee as defined in this Chapter, the employer shall make employer contributions to the retirement to the retirement system as provided by this Chapter, but the retire shall receive no additional service credit and shall not accrue any additional retirement benefit in the retirement system. Upon termination of reemployment, the system shall retain the employer contributions and interest on such contributions.

contacted the Clerks' Retirement Fund to confirm whether this arrangement was permissible.

On November 9, 2020, the Clerks' Retirement Fund officially notified Ms. Lasalle by letter that she had worked more hours than allowed in each of the years from 2015 through 2020, resulting in overpayments of retirement benefits during those years. Additionally, the Clerks' Retirement Fund noted that Ms. Lasalle's future benefit payments would be reduced until the total amount of overpayments was fully recovered. Ms. Lasalle contested the overpayment assessment, believing that La. R.S. 11:1513 did not apply to her position as an independent contractor.

The Board of Trustees for the Clerks' Retirement Fund ("the Board") heard Ms. Lasalle's contest at a formal hearing on March 8, 2021, and issued an opinion on March 22, 2021. The Board concluded that pursuant to La. R.S. 11:1513, Ms. Lasalle was an employee of the Clerk's Office during the period of 2015 until November 2020. The Board further found that due to her status as an employee, Ms. Lasalle had been overpaid $89,661.43 in retirement benefits. Ms. Lasalle appealed the Board's decision to the Nineteenth Judicial District Court for the Parish of East Baton Rouge. That court denied Ms. Lasalle's appeal in a judgment rendered on September 23, 2021.

On October 29, 2021, Ms. Lasalle filed a petition for breach of contract and detrimental reliance against the Clerk of Court, alleging that the statements of the former Clerk of Court induced her to modify her work schedule to assist with staffing issues in the Clerk's Office, which ultimately harmed her interests. The

Clerk of Court initially filed an exception of lack of subject matter jurisdiction, which the trial court granted on March 30, 2022, finding that the court lacked subject matter jurisdiction because the Clerk of Court was protected by Sovereign Immunity. On December 20, 2022, this Court reversed the trial court's judgment and remanded the case to the trial court. *Lasalle v. Napoleon*, 22-0460 (La. App. 4 Cir. 12/20/22), 356 So.3d 74.

On remand, the parties filed cross motions for summary judgment, which the trial court denied in a September 21, 2023 judgment. The Clerk of Court attempted to appeal the denial of her motion for summary judgment. In response, Ms. Lasalle filed a motion to dismiss the appeal pursuant to La. C.C.P. art. 968, which states that "[a]n appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment." This Court agreed with Ms. Lassalle's argument and also noted that "[n]either the judge who presided over the hearing on the cross motions for summary judgment, nor a successor judge acting in compliance with La. R.S. 13:4209(A) signed the judgment." *Lasalle v. Napoleon*, 23-0707, p. 1 (La. App. 4 Cir. 4/11/24), 390 So.3d 805, 807. Accordingly, this Court dismissed the appeal and remanded the matter for further proceedings. *Id.*

On January 16, 2025, following a trial on the merits, the trial court took the matter under advisement. Then on February 28, 2025, the trial court rendered a judgment denying Ms. Lasalle's petition and in favor of the Clerk of Court. It is from this judgment that Ms. Lasalle now appeals.

4

**DISCUSSION**

On appeal, Ms. Lasalle raises the following assignments of error: (1) the trial judge erred in finding that Ms. Lasalle was not reasonable in relying on the representations of the former Clerk; (2) the trial judge erred in finding that Ms. Lasalle was not reasonable in relying on information that was provided to the former Clerk by an attorney for the Clerk's Office; (3) the trial judge erred in finding that Ms. Lasalle was unreasonable in not contacting the Clerks' Retirement Fund directly when there was nothing in the retirement handbook, when there were no cases regarding this point and no testimony at trial as to what Ms. Lasalle would have been told if she had contacted the fund in 2015; and (4) the trial judge erred in finding that Ms. Lasalle was unreasonable in not contacting the Clerks' Retirement Fund directly when the Fund had not addressed the issue of independent contractor status vis-a vis the cap on allowable hours of work.

Ms. Lasalle's claim for detrimental reliance and all of her assignments of error involve issues of fact. The reasonableness of a plaintiff's reliance is an issue of fact that is best documented by the trial court. *See McLin v. HI Ho, Inc.*, 13-0036, p. 6 (La. App 1 Cir. 6/7/13), 119 So.3d 830, 834 (citations omitted). Appellate courts review a trial court's factual findings under the manifest error-clearly wrong standard of review. *Hall v. Folger Coffee Co.*, 03-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98 (citations omitted). In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable

one. *Stobart v. State*, 617 So.2d 880, 882 (La. 1993); *Mart v. Hill*, 505 So.2d 1120, 1127 (La. 1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. *Stobart*, 617 So.2d at 882. Thus, "if the [factfinder's] findings are reasonable in light of the record on its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La. 1990).

In the instant case, Ms. Lasalle testified that based on the agreement between herself and the former Clerk of Court, she was induced to return to work as an independent contractor while continuing to receive the benefits expressly reserved for qualified members of the Clerks' Retirement Fund. Louisiana Civil Code Article 1967 provides that "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." However, the article also expressly states: "Reliance on a gratuitous promise made without required formalities is not reasonable." *Id.* It is also unreasonable as a matter of law to rely on a contract or an assurance that is expressly prohibited by statute. La. R.S. 11:1513 expressly provides: "If the retiree is reemployed in any capacity for more than six hundred thirty hours during any calendar year, the benefits payable to the retiree shall be reduced by the amount he earned after six hundred thirty hours during that calendar year."

6

"A party claiming detrimental reliance must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Suire v. Lafayette City-Parish Consolidated Government*, 04-1459, p. 31 (La. 4/12/05), 907 So.2d 37, 59 (citations omitted). Simply put, a party must prove that: (1) the defendant made a promise to the plaintiff; (2) the defendant knew or should have known that the promise would induce the plaintiff to rely on it to his detriment; (3) the plaintiff relied on the promise to his detriment; (4) the plaintiff was reasonable in relying on the promise; and (5) the plaintiff suffered damages as a result of the reliance. *See McLin v. HI HO, Inc.*, 13-0036, p. 4 (La. App. 1 Cir. 6/7/13), 119 So.2d 830, 833.

The testimony at trial established that Ms. Lasalle had worked in the Clerk's Office for approximately thirty-five years, holding positions from in-take clerk to Chief Deputy Clerk, and obtained a bachelor's degree in paralegal studies from Tulane University. She testified that she performed legal research on the statutes at issue in this case regarding rehired retiree participation in the Clerks' Retirement Fund. She also testified that she not only attached the relevant statutes to the memoranda that she prepared, but that she "very much so" read those statutes. She further testified that she tracked her hours as to remain in compliance with the limitations set for rehired employees. The current Clerk of Court testified that "[b]ecause Ms. Lasalle did legal research[,]" she "helped others with their retirement and Mrs. Lasalle knew how to contact the Retirement Fund."

The instant case is analogous to *La. Office of Risk Mgmt. v. Richard*, 13-0890 (La. 10/15/13), 125 So.3d 398. In that case, the Supreme Court discussed the reasonableness of a former employee's reliance on a supervisor's assurances that his workers' compensation benefits would not be reduced as a result of his decision to take disability retirement. Discussing the facts of that case, the Supreme Court stated: "We do not find [promisee] established that his reliance on any purported representation by [promisor] was reasonable." *Id.*, 13-0890 at p. 5, 125 So.3d at 402. Like Ms. Lasalle, the promisee in that case admitted that he did not perform any further investigation, such as speaking with a LASERS representative, or consulting the rules for disability retirement. *Id.*, 13-0890 at pp. 5-6, 125 So.3d at 402.

In its reasons for judgment, the trial court noted that "Ms. Lasalle indicated that she never attempted to contact the [Clerks' Retirement Fund] to question if working as an independent contractor might impact her retirement benefits." The trial court further noted that the former Clerk of Court's assertions "does not relieve Ms. Lasalle of any and all responsibility to exercise even minimal diligence to attempt to obtain an independent opinion of the impact of her agreement with the former Clerk, thus, rendering her reliance on the purported representations unreasonable."

In the instant case, Ms. Lasalle can show that the defendant, through the person of the former Clerk of Court, made a promise or representation to her by word or conduct. Ms. Lasalle may be able to show that the defendant knew or

should have known that the promise would induce her to rely on the representation to her detriment. Ms. Lasalle may also be able to show that she relied on the representation to her detriment and suffered damages as a result of her reliance. However, Ms. Lasalle cannot show that she was reasonable in relying on the promise. The testimony and other evidence adduced at trial illustrated that Ms. Lasalle was well versed in the rules governing the rehiring of retired employees and the consequences such rehiring could have on their benefits from the Clerks' Retirement Fund should a rehired employee work more time than allowed by statute. In pertinent part, La. R.S. 11:1513 is very clear that "[i]f the retiree is reemployed in any capacity for more than six hundred thirty hours during any calendar year, the benefits payable to the retiree shall be reduced by the amount he earned after six hundred thirty hours during that calendar year." Accordingly, we find nothing manifestly erroneous or clearly wrong in the trial court's denial of Ms. Lasalle's claim for breach of contract and detrimental reliance against the Clerk of Court.

**CONCLUSION**

For the above and foregoing reason, we affirm the judgment of the trial court.

**AFFIRMED**